IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PARKWAY TOWERS CONDOMINIUM
ASSOCIATION, INC.,

      CASE NO.: _____

   Plaintiff,      STATE CASE NO.: CACE-2023-017871-CA-01

vs.

ARCH SPECIALTY INSURANCE
COMPANY, UNITED SPECIALTY
INSURANCE COMPANY, AND
CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S
LONDON,[1]

   Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, ARCH SPECIALTY INSURANCE COMPANY ("ARCH"), UNITED SPECIALTY INSURANCE COMPANY ("UNITED"), and CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON ("UNDERWRITERS"), (collectively, "The MARKET"), by and through their undersigned counsel, pursuant to 28 U.S.C. § 1332(a)(1), § 1441(a) and § 1446(b), removes an action pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled PARKWAY TOWERS CONDOMINIUM ASSOCIATION, INC. v. ARCH SPECIALTY INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, AND CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON, Case No. CACE-2023-017871-CA-01, where Plaintiff filed suit against The MARKET, and further states:

---

[1] UNDERWRITERS are improperly named by Plaintiff in this matter as "CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON." See *Certain Underwriters at Lloyd's London v. Gibraltar Budget Plan, Inc.*, 9 So.3d 646, 647 (Fla. 4th DCA 2009); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998) (explaining the business structure of Lloyd's), *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998) (same). UNDERWRITERS are willing to consent to an amendment by interlineation to name "Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETGF03319210" as the proper defendant.

1. Plaintiff, PARKWAY TOWERS CONDOMINIUM ASSOCIATION, INC. ("PARKWAY") filed a Complaint against The MARKET in Miami-Dade County Circuit Court on or about June 7, 2023. On June 28, 2023, The MARKET was served with a Summons and copy of the Complaint in connection with the state action. Plaintiff's Complaint asserts that The MARKET breached an insurance contract issued to Plaintiff.[2]

2. This Notice of Removal is filed in the United States District Court for the Southern District of Florida, Miami Division, the court for the district and division which embraces the state court where the removed state action was pending, and is filed within the time provided for the removal of actions to the United States District Court. *See* 28 U.S.C § 1446(b).

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . "); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1203 (11th Cir. 2008).

4. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.

### VENUE

5. Venue is proper in the United States District Court for the Southern District of Florida because the state court action originated in Miami-Dade County, Florida.

### JURISDICTION

6. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The MARKET is entitled to remove this action pursuant to 28 U.S.C. § 1441.

---

[2] *See* Plaintiff's Complaint (attached as **Composite Exhibit 1**), and the Subject Policy (attached as **Exhibit 2**).

## COMPLETE DIVERSITY EXISTS

7. There is complete diversity between the Plaintiff and The MARKET.

8. Defendant, ARCH SPECIALTY INSURANCE COMPANY ("ARCH") is, and was at the time the Complaint was filed in Florida state court, a foreign corporation, organized and existing under the laws of the State of Missouri, with its principal place of business located in the State of New Jersey.[3]

9. Defendant, UNITED SPECIALTY INSURANCE COMPANY ("UNITED") is, and was at the time the Complaint was filed in Florida state court, a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Texas.[4]

10. Defendant, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON ("UNDERWRITERS"), is, and was at the time the Complaint was filed in Florida state court, composed of three syndicates: RNR 1458, AAL 2012 and ACS 1856. The Eleventh Circuit found that Lloyd's syndicates are "creatures of administrative convenience" that "fall squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-89 (11th Cir. 2010). Like other unincorporated associations, the citizenship of Lloyd's is determined by the citizenship of its members. Members that are private limited companies in the United Kingdom are treated like a corporation for diversity purposes. *See Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction

---

[3] *See* Florida Office of Insurance Regulation Summary, attached as **Exhibit 3.**
[4] *See* Florida Office of Insurance Regulation Summary, attached as **Exhibit 4.**

purposes pursuant to a determination under 28 U.S.C. § 1332); *Green Coast Enterprises, LLC v. Certain Underwriters at* Lloyd's, CV 22-973, 2022 WL 2208206, at *5 (E.D. La. June 21, 2022) (finding an Underwriters syndicate that was a private limited company as a corporation for diversity subject-matter jurisdiction); *Wexler v. Allegion (UK) Limited*, No. 16 Civ. 2252, s, at *3-4 (S.D. N.Y. Nov. 9, 2016) (recognizing a private limited company in United Kingdom is treated as a corporation purposes of diversity subject matter jurisdiction); *SHLD, LLC v. Hall*, No. 15 Civ. 6225 (LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816 at *3 (D.Conn. Nov. 4, 2013) (same); *Chok v. S & W Berisford PLC*, 624 F.Supp. 440, 441 (S.D. N.Y. 1985) (finding a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treated as a corporation for purposes of diversity determination). Therefore, when the members of a Lloyd's syndicate are private limited companies, the Lloyd's syndicate has citizenship where each private limited company is incorporated and where each private limited company has its principal place of business.

    a.    Syndicate ACS 1856 is an unincorporated association. Syndicate ACS 1856's sole member is IQUW Corporate Member Ltd., which is a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

    b.    Syndicate AAL 2012 is an unincorporated association. Syndicate AAL 2012's sole member is Arch Syndicate Investments Ltd., which is a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

    c.      Syndicate RNR 1458 is an unincorporated association. Syndicate RNR 1458's sole member is RenaissanceRe Corporate Capital (UK) Limited, which is a private limited company incorporated in the United Kingdom with its principal place of business in the United Kingdom.

11.      Therefore, for purposes of determining diversity under 28 U.S.C. § 1332(c)(1), ARCH is a citizen of the State of Missouri and the State of New Jersey, UNITED is a citizen of the State of Delaware and the State of Texas, and UNDERWRITERS is a citizen of the United Kingdom.[5]

12.      According to the Complaint, Plaintiff, PARKWAY, is, and was at the time the Complaint was filed in Florida state court, a Florida Corporation, incorporated in Florida with its principal place of business in Miami, Miami-Dade County, Florida.[6] Therefore, for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the State of Florida.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

13.      The MARKET issued a commercial property policy to Plaintiff under Policy No. VETGF03319210 (the "Subject Policy"). The Subject Policy period is from June 1, 2021, through June 1, 2022.[7]

14.      Plaintiff's Complaint asserts a cause of action for breach of contract, alleging that the MARKET refused and continues to refuse to pay Plaintiff's claim that occurred as a result of

---

[5] *See* Florida Office of Insurance Regulation Summaries, attached as **Exhibit 2**, and **Exhibit 3.**
[6] *See* Plaintiff's Complaint (attached hereto as **Composite Exhibit 1**) and Plaintiff's Corporation Information from Sunbiz.org (attached here to as **Exhibit 5).**
[7] *See* the Subject Policy (attached as **Exhibit 2)**.

damages by "water loss due to a plumbing failure" on or about January 24, 2022.[8] Plaintiff asserts that it suffered damages as a result of the loss and attorney's fees.[9]

15. The amount in controversy, now and at the time the Complaint was filed in Florida state court, exceeds $75,000.00, exclusive of interest and costs. The amount claimed by Plaintiff is $6,909,441.84 based upon Plaintiff's Proof of Loss.[10]

**COMPLIANCE WITH 28 U.S.C. § 1446**

16. Pursuant to the provisions of 28 U.S.C. § 1446, and S.D. Fla. Loc. R. 7.2, the MARKET files copies of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, on file in the state court as of the date of this filing.[11]

17. Pursuant to 28 U.S.C. § 1446(d), The MARKET has filed this Notice of Removal with this Court and is serving a copy of this Notice of Removal upon counsel for all parties. A true copy of this Notice of Removal is also being filed by The MARKET with the state court where this action was pending and written notice will be given to all adverse parties "promptly after" the filing in this Court of this Notice of Removal, in full compliance with 28 U.S.C. § 1446(d).

18. Pursuant to 28 U.S.C. § 1446(d), The MARKET provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

WHEREFORE, The MARKET respectfully requests that this Court (1) remove this action from the Circuit Court; (2) exercise jurisdiction over this matter as provided by law; and

---

[8] See Plaintiff's Complaint (attached **as Composite Exhibit 1**).
[9] See "WHEREFORE" clauses of Plaintiff's Complaint attached as **Composite Exhibit 1.**
[10] See Plaintiff's Proof of Loss attached as **Exhibit 6**.
[11] See **Composite Exhibit 1,** and Miami-Dade County Clerk of Court Docket sheet (attached as **Exhibit 7).**

(3) place the action on the docket of this Court for further proceedings, the same as if this action had originally been executed in this Court.

Respectfully submitted this 28th day of July, 2023.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Justin W. Sblano*
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.:  0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.:  1008138
Secondary:    hkerr@butler.legal
              ebarker@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:    (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for the Defendants, ARCH SPECIALTY INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, AND CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON

## **CERTIFICATE OF SERVICE**

I certify that on July 28, 2023, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system.  A copy of the foregoing was forwarded to the following this same date:

Matthew D. Landau, Esq.
Eric Fischer, Esq.
Paul Kunez, Esq.
The Landau Law Group, P.A.
1200 North Federal Highway, Ste. 200
Boca Raton, FL 33432
matt@thelandaulawgroup.com
Attorneys For:  Plaintiff, PARKWAY TOWERS CONDOMINIUM ASSOCIATION, INC.

*/s/ Justin W. Sblano*
JUSTIN W. SBLANO, ESQ.